IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSHUA SLONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-00089 |
| ) | |
| MAJOR JEWELL BILBERY, SGT. DEAN ) | Chief Judge Sharp |
| McBRIDE, SHERIFF ODDIE SHOUPE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Joshua Slone, an inmate confined at the White County Justice Center in Sparta, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Major Jewell Bilbery, Sgt. Dean McBride, and White County Sheriff Oddie Shoupe. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.     Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II. Factual Allegations**

The plaintiff alleges that the conditions of his confinement are unsafe in three particular arenas:

(1) The plaintiff states that inmates at the White County Jail are fed cold food, out-of-date items, and moldy bread, and that the food is "unsafe." He further alleges that the inmates are provided insufficient calories per day to maintain their weight. He states that Sgt. McBride has said that she is feeding inmates 1000-1400 calories per day due to the budget, and that he and inmates are not receiving sufficient nutrients.

(2) According to the plaintiff, the jail is overcrowded, with people sleeping on the floor, nine people sleeping in six-person cells and three people sleeping in two-person cells. The plaintiff does not allege that he is one of the inmates who has to sleep on the floor, and he does not indicate how long the overcrowding has persisted. He does not allege that he has suffered any concrete harm as a result of the overcrowding.

(3) The plaintiff alleges that he was assaulted in the intake bathroom on September 20, 2014 by officers working at the jail, and that even though he alerted administrators to a problem before the assault occurred, no steps were taken to prevent it or to protect the plaintiff. He asserts that the administrators' failure to act amounted to deliberate indifference to his welfare, in violation of the Eighth Amendment to the United States Constitution. He claims that he has pictures of the bruises on his face and ribs resulting from this incident. He attaches to his complaint copies of grievances alleging generally that he was afraid of other inmates and officers and demanding to be transferred to another facility.

In addition, the plaintiff alleges that he was "denied [his] right to study law and policy" because the jail administrators refused to provide him with a copy of the T.C.I. handbook (presumably the Rules of the Tennessee Corrections Institute), and the jail library does not have a copy either.

The plaintiff sues the defendants in their official capacity only. He seeks equitable relief and monetary damages.

**III. Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the

Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

An official-capacity claim is, in reality, a claim against the entity that employs the defendants who are sued in their official capacity. Because Sheriff Shoupe, Major Bilbery, and Sgt. McBride appear to be employed by White County, the Court must proceed as if the plaintiff has in fact sued White County.[1] A municipality like White County can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Simply stated, to pursue an official-capacity claim, the plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury [constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

Under these standards, the court notes first that the plaintiff's allegation that he has been denied access to the T.C.I. handbook lacks sufficient specificity to give rise to an inference that the plaintiff's constitutional rights have been violated. Although prisoners have a constitutional right to access the courts, *Lewis v. Casey*, 518 U.S. 343 (1996), the plaintiff here has failed to allege any prejudice to this litigation, a direct appeal, a habeas petition, or any other civil rights action under 42 U.S.C. § 1983 to "vindicate basic constitutional rights." *Id.* at 354; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.

---

[1] Jail officials may also be sued in their individual capacity under § 1983, but the plaintiff checked the boxes on the form complaint to indicate he was suing the defendants in their official capacity only, perhaps without understanding the import of that designation. To state a claim against an official in his individual capacity, a plaintiff must allege the defendant's personal involvement in the events giving rise to his claim. *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). If the plaintiff intended to name the defendants in their individual capacity as well, he would need to amend his complaint to add such claims.

1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation"). Accordingly, the plaintiff's claim that his rights were violated when he was denied access to the T.C.I. handbook will be dismissed for failure to state a claim upon which relief may be granted.

The plaintiff's allegations of jail overcrowding are also insufficiently pleaded to state a claim of constitutional dimension. Overcrowding, in and of itself, is not necessarily unconstitutional. *Johnson v. Hefron*, 88 F.3d 404, 407 (6th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)). A prisoner has no right to sleep on an elevated bed. *Mann v. Smith,* 796 F.2d 79, 85 (5th Cir. 1986); *see also Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (seven-day deprivation of a mattress and bedding did not violate the Eighth Amendment); *Jones v. Toombs*, 77 F.3d 482 (Table), 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (two-week deprivation of a mattress is not a constitutional violation). If overcrowded conditions, however, cause an inmate to be denied the minimal civilized measure of life's basic needs, such as food, warmth, or exercise, this would transgress the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). *See Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008) (forcing inmates to sleep on a wet and moldy mattress on the floor for fifty-nine days sufficiently serious deprivation); *Foulds v. Corley*, 833 F.2d 52, 54 (5th Cir. 1987) (requiring inmate to sleep in a cold cell on a rat-infested floor states a colorable constitutional claim). In this case, the plaintiff does not allege even that he has been required to sleep on the floor, or that the overcrowding has resulted in conditions that are affirmatively unsafe or unsanitary. The claim arising from the alleged overcrowding will therefore be dismissed, but without prejudice to the plaintiff's ability to amend his complaint to reassert this claim, supported by additional facts, if applicable.

Likewise, the plaintiff fails to state an official-capacity claim based on the alleged assault by other jail officials. He has not named as defendants the individuals responsible for the alleged assault, and he does not allege facts suggesting that the assault arose from an official policy of the jail. Moreover, even if he were attempting to state individual-capacity claims against the named officials, the complaint does not contain facts suggesting that any named defendant was aware of a specific, immediate threat that he or

she could have taken steps to avoid. This claim too is subject to dismissal for failure to state a claim.

Finally, regarding the plaintiff's complaints about the food provided to inmates at the jail, complaints about the preparation or quality of prison food generally do not amount to an Eighth Amendment violation. However, a constitutional violation can be established with proof that the meals are insufficient to maintain normal health. *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977). In this case, the Court finds that the plaintiff has alleged facts supporting an official-capacity claim against the defendants based on the jail's alleged policy of underfeeding the inmates at the jail because of budgetary restrictions. That claim will be permitted to proceed.

**V.    CONCLUSION**

For the reasons set forth herein, the plaintiff will be permitted to pursue his official-capacity claim against the defendants based on the jail's alleged policy of underfeeding inmates.

The remaining claims are not pleaded with sufficient particularity to state a claim for which relief may be granted. Those claims will be dismissed, but without prejudice to the plaintiff's ability to seek to amend his complaint to assert additional facts in support of those claims, if appropriate.

An order consistent with this memorandum is filed herewith.

_____
KEVIN H. SHARP
Chief Judge
United States District Court