```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        COOKEVILLE DIVISION
```

JOSHUA SLONE,                    )
                                 )
         Plaintiff               )
                                 )        No. 2:14-0089
v.                               )        Judge Sharp/Brown
                                 )        **Jury Demand**
JEWELL BILBREY, *et al.*,        )
                                 )
         Defendants              )

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending in this case is a motion to dismiss for lack of prosecution and failure to comply with court order (Docket Entry 25) and a separate motion for summary judgment (Docket Entry 30). For the reasons stated below the Magistrate Judge recommends that the motion for summary judgment be granted and this case be dismissed with prejudice. In the event the recommendation for summary judgment is not granted, the Magistrate Judge recommends that the motion to dismiss for lack for prosecution and failure to comply with court order be granted and the case be dismissed without prejudice. The Magistrate Judge further recommends that any appeal of the granting of the motion to dismiss on either grounds in this case not be certified as taken in good faith.

### BACKGROUND

The Plaintiff's case against Major Bilbery (Docket Entry 1) alleges that he was not issued the proper amount of food at each meal and that at times the food is cold. He alleged that a Sargent McBride, who he alleged to be over the kitchen, stated she was

feeding only 1,000 to 1,400 calories to inmates due to the budget. He also filed with complaints of poor living conditions, being assaulted by officers on September 20, 2014, and finally being denied the right to study law and policies while at the jail because a copy of the Tennessee Correctional Institute handbook was in the prison law library.

On an initial review, all of his complaints were dismissed except for his official capacity claim against the Defendants based on the jail's alleged policy of underfeeding inmates (Docket Entry 5, p. 5).

After the Defendants were served an initial case management order was entered on November 26, 2014. In this order the Plaintiff was advised that he had 28 days to respond to dispositive motions and that failure to respond absent an extension granted by the Court could result in the Court taking the facts alleged in the motion as true, and granting the relief requested. The Plaintiff was cautioned that he could not just rely on his complaint, that he must show material facts, citations of records, affidavits, or other matter of evidence as required by Federal Rule of Civil Procedure 56 and Local Rule 56.01. The Plaintiff was also cautioned that he had to keep a current address on file with the Court and that failure to attend hearings and participate in the prosecution of his lawsuit could result in a recommendation that his case be dismissed for failure to prosecute (Docket Entry 20).

As noted in the motion to dismiss (Docket Entry 25), and particularly in the supporting memorandum (Docket Entry 26), the Defendants set out their efforts to keep up with the Plaintiff's location as he moved from White County Jail to the Jackson County Jail to the free world with an address in Sparta, Tennessee. It does not appear that in any of these cases the Plaintiff ever followed the Court's explicit directions to keep his current address on file. Following this motion the Magistrate Judge set a telephone conference for June 22, 2015, at 1:00 p.m. (Docket Entry 37). At the appointed time the Plaintiff did not call in.

In the event the Court does not adopt the Magistrate Judge's recommendation concerning summary judgment, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and obey Court orders. The Plaintiff has not responded to this order, he has not attended the telephone conference set in the matter, and he has failed to provide the Court with a current address even though the Court has sent mail to him at all prison addresses and the free world address provided by the Defendants.

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must apply a four part test:

(1) Whether the party's failure to cooperate is due to willfulness, bad faith, or fault. In this case the Plaintiff was given clear directions on the necessity of keeping a current

3

address on file and he has failed to do so. The Magistrate Judge can only conclude that such failure is willful.

(2) Whether the adversary was prejudiced by the dilatory conduct of the party. In this case the Defendants spent considerable time and effort to locate the Plaintiff and send and resend their materials as he moved from one jail to another, and then to locate a free world address. While the prejudice is not overwhelming, nevertheless it is action they should not have had to take and they have been unable to directly communicate with the Plaintiff or conduct discovery.

(3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal. The Plaintiff was specifically warned in the scheduling order and again given the opportunity to show why he had not complied with the Court order to participate in a telephone conference (Docket Entry 37). He was specifically warned of the consequences of not participating in the telephone call. The Plaintiff failed to participate in the telephone conference as noted above.

(4) Whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999). In this case the Court gave the Plaintiff an opportunity to show cause. The Court has considered recommending that this motion be granted with prejudice,

4

but will recommend a lesser sanction of dismissal without prejudice.[1]

Turning to the motion to dismiss for summary judgment, although under Local Rule 7, failure to respond to the motion can be taken as there being no opposition, the Magistrate Judge has nevertheless reviewed the motion to insure that it has merit. Unlike an initial review of the complaint or a motion to dismiss where well-pled facts in a complaint are taken as true, a motion for summary judgment calls into question allegations in the complaint, and as the Plaintiff was warned in the scheduling order, he must show that there are legitimate disputed questions of fact or his case is subject to dismissal. In this case, the Plaintiff's complaint simply alleged that the food was inadequate for his nutritional needs because the Defendants had a policy of putting the Plaintiff on short rations in order to save money.

The Defendants in their rather lengthy memorandum in support of the motion for summary (Docket Entry 31) provide a great deal of factual information which Plaintiff has failed to rebut or dispute. The affidavit of Sheriff Shoupe (Docket Entry 28) includes *Exhibit 1*: various records from the jail, including initial history and physical assessment dated July 25, 2014; *Exhibit 2*: memorandum from Nurse Grizzle memorializing his weight changes; *Exhibit 3*: a copy of the medical notes contained in Plaintiff's medical file by

---

[1]Despite a dismissal without prejudice the statute of limitations may bar a subsequent refiling of the litigation.

the jail nurse and medical staff; *Exhibit 4*: a complete set of all grievances by White County submitted by the Plaintiff concerning the provision of food services during his stay with a notation that Plaintiff did not file any grievances concerning provisions of food service in White County Jail from November 11, 2014, until his transfer on December 18, 2014; *Exhibit 5*: a weight monitoring sheet showing his weight on July 23, 2014, was 170.8 pounds, and at the time of the filing of his complaint on September 26, 2014, was 168.5 pounds, and that on November 12, 2014, he weighed 166.4 pounds; *Exhibit 6*: that on November 11, 2014, he was provided double portions when he showed an eight pound weight loss in 13 days. This was two days after he filed his first grievance about weight loss (Docket Entry 28-7).

The affidavit of Sargent McBride (Docket Entry 29) states she reviewed the menus for 2014 with Dr. Hix-Cunningham, a qualified dietitian for portion size and recommended dietary allowances, and that she trained and supervised the kitchen workers in preparing and serving the food. She attached to her affidavit logs of the food served during the time Plaintiff was incarcerated in 2014. She stated that during September, October and November 2014 she received multiple grievances from the Plaintiff and she reviewed each grievance to determine if the kitchen staff was serving the proper portions.

In support of the motion for summary judgment the Defendants filed a statement of undisputed material facts (Docket

6

Entry 32). The Plaintiff has failed to respond to any of the statements and, therefore, the Magistrate Judge may take them as admitted and undisputed if they are supported in the record. From the review of the medical records (Docket Entry 28) and the other records contained in Docket Entry 29, it is undisputed at the time the Plaintiff was admitted to the jail on July 23, 2014, he weighed 170.8 pounds. At the time he filed his complaint on September 26, 2014, he weighed 168.5 pounds. This weight was well within the normal weight for an individual of his size and only a two pound drop from his arrival weight two months earlier.

On October 28, 2014, approximately one month after filing his complaint, he weighed 173.4 pounds, gaining some three pounds since intake in July. On November 12, 2014, the Plaintiff weighed 166.4 pounds, and although this was only four pounds less than he weighed upon intake, it was an eight pound loss in two weeks and he was placed on double portions at that point. The record does not reflect his weight after that date.

The record does not show that the Plaintiff filed any additional grievances about food from the time he was placed on double portions through his transfer from the jail on December 18, 2014.

The Magistrate Judge agrees with the Defendants' memorandum of law that the Plaintiff has failed to show that he suffered any deprivation of his constitutional rights. The undisputed medical records in this case show that the Plaintiff's

weight did vary significantly prior to his filing the complaint. When he did show a drop in weight and filed a grievance he was placed on double portions and had no further complaints. The Plaintiff has simply failed to put on any evidence to dispute the fact that the meals he was being provided were adequate, even though he disagreed with the fact of how they were served and the portions.

The Plaintiff has simply provided no evidence that the meals provided were not nutritionally sufficient. He has made no showing that the food served in the jail had an adverse effect implicating his well-being. The Magistrate Judge has read the cases cited by the Defendants concerning inadequate food and believes that they correctly state the law.

The Plaintiff simply has failed to show evidence to rebut the Defendants' contention that he was served adequate meals and that he suffered any adverse consequences.

The Plaintiff has failed to come forward with any evidence to support his claim that the supervisor told him they were serving inadequate meals for budget reasons. He has not shown complaints of other prisoners, he has not shown other lawsuits against the jail over food, he has not shown that he had any significant weight loss. He had, in fact, after filing his lawsuit in September, gained weight in October before having a loss in November.

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgment be granted and the Plaintiff's complaint against all Defendants be dismissed with prejudice.

**RECOMMENDATION**

The Magistrate Judge recommends that the motion for summary judgment (Docket Entry 30) be granted and the complaint be dismissed with prejudice. In the event this portion of the recommendation is not granted, the Magistrate Judge recommends that the motion to dismiss for lack for prosecution and failure to comply with court orders be granted and the case dismissed without prejudice. In either case the Magistrate Judge recommends that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 24th day of June, 2015.


                                        /s/   Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge